# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-13-129

| | |
|---|---|
| | **Opinion Delivered** October 2, 2013 |
| JUAN CARLOS MARTINEZ<br>APPELLANT | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT<br>[NO. CR-11-1559-1] |
| V. | |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE ROBIN F. GREEN, JUDGE |
| | REBRIEFING ORDERED |

**WAYMOND M. BROWN, Judge**

Appellant Juan Martinez was convicted in the Benton County Circuit Court of second-degree sexual assault involving his then-four-year-old stepgranddaughter, L.H. He was sentenced to twenty years' imprisonment. Appellant argues that the trial court erred by allowing the State to amend the information charging him with rape to include the charge of second-degree sexual assault after the State had rested its case. More specifically, he argues that the amendment changed the nature of the crime charged and that it unfairly surprised him. We do not reach the merits of appellant's arguments due to deficiencies in appellant's brief, abstract, and addendum.[1]

---

[1]We also would like to note that the record, containing the trial transcript, has been defaced with large purple checkmarks, underlines, and parentheses. Additionally, the back of one of the transcribed pages appears to have been used for personal note taking. The record should not be tampered with in any fashion; however, without a motion from the other party, we cannot order the record supplemented. *See* Ark. R. App. P.–Civ. 6(e) (2012).

Arkansas Supreme Court Rule 4–2(a)(5)(A)[2] provides that all material parts of a transcript must be abstracted. Here, appellant has failed to abstract defense counsel's full statement when asked to call the defense's first witness. We cannot review this case without a brief that outlines all of the evidence and/or arguments considered by the trial court.

Arkansas Supreme Court Rule 4–2(a)(8)[3] requires an appellant to submit a brief including an addendum that contains "true and legible copies of the non-transcript documents in the record on appeal that are essential for the appellate court to confirm its jurisdiction, to understand the case, and to decide the issues on appeal." Here, appellant has failed to include the facts constituting probable cause to obtain an arrest warrant; the memorandum order filed on October 16, 2012; and the prosecutor's short report of circumstances. Appellant has also failed to include exhibits that are material to our understanding of the case.

Due to the deficiencies in appellant's brief, abstract, and addendum, we order appellant to file a substituted brief that complies with our rules.[4] The substituted brief, abstract, and addendum shall be due fifteen days from the date of this order.[5] We remind counsel that the examples we have noted are not to be taken as an exhaustive list of deficiencies. Counsel should carefully review the rules to ensure that no other deficiencies exist. Failure to file a

---

[2](2012).

[3](2012).

[4]Ark. Sup. Ct. R. 4–2(b)(3)(2012).

[5]*Id.*

compliant brief within fifteen days could result in the trial court's decision being summarily affirmed for noncompliance with our rules.[6]

Rebriefing ordered.

HARRISON and WYNNE, JJ., agree.

*The Lane Firm*, by: *Jonathan T. Lane*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *LeaAnn J. Adams*, Ass't Att'y Gen., for appellee.

---

[6]Ark. Sup. Ct. R. 4–2(c)(2).